In Re: Michael Pope. Western Center, Department of Public Welfare, Commonwealth of Pennsylvania, Appellant.

Argued October 4, 1982, before Judges ROGERS, BLATT and CRAIG, sitting as a panel of three.

*Edward P. Carey*, Assistant Counsel, for appellant.

*James A. Esler*, Assistant County Solicitor, with him, *James H. McLean*, County Solicitor, for appellee, Mental Health/Mental Retardation Program of Allegheny County.

OPINION BY JUDGE CRAIG, November 5, 1982:

The Pennsylvania Department of Welfare has appealed from a decision of the Common Pleas Court of Allegheny County which temporarily committed Michael Pope, a mentally retarded person, to the Western State Center at Canonsburg for institutional supervision and care with respect to his medical problems of obesity, stemming from his mental retardation, until the Allegheny County Mental Health/Mental Retardation program, which sought the commitment, is able to develop an alternative living arrangement to accomplish the same care. Judge SCHWARTZ, as hearing judge, based the order upon his finding that Mr. Pope's resulting obesity poses an unquestioned health danger which could be fatal and which has been impossible to control in the home situation.

The department first contends that the commitment contravenes the authority of Section 406 of the Mental

Health and Mental Retardation Act of 1966, P.L. 96, Special Sess. No. 3, October 20, 1966, 50 P.S. §4406, which provides for commitment where the mentally disabled person is "in need of care and treatment by reason of such mental disability. . . ." Contrary to the plain words, the department reads that statute as authorizing commitment only for care and treatment *of* a mental disability. We can only read the words as written, providing for care and treatment by *reason of,*—that is, because of—mental disability, which is plainly the case here according to the judge's well-supported findings.

Although the department acknowledges that the first and second standards for a lawful commitment, as enunciated in *Goldy v. Beal,* 429 F. Supp. 640 (M.D. Pa. 1976), have here been fulfilled by proof of Mr. Pope's mental retardation manifested before his 18th birthday, the department argues that proof is absent as to another requisite, substantial risk of physical injury or physical debilitation of the disabled person as demonstrated by behavior within thirty days of the time commitment has been sought. The court's findings satisfy that criterion.

With respect to the final criterion, that the record must also show that a solution alternative to commitment is not available and cannot be developed or provided in the person's own home or community, Judge Schwartz's findings, which resolve issues of credibility on that point against the department, settle the matter. Moreover, the court's order directed the petitioning county agency to set about developing an alternative so the commitment could be terminated after temporary duration.

We affirm upon the able opinion of Judge Schwartz, *In Re: Michael Pope,* D. & C. 3rd ( ), which specifies the findings and also the evidence on which they are based.

ORDER

Now, November 5, 1982, the order of the Common Pleas Court of Allegheny County, dated May 11, 1981, is affirmed.